UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-10-P-H |
| | ) | |
| Alvin D. Dennison, | ) | |
| | ) | |
| DEFENDANT | ) | |

**Memorandum on Sentencing**

Alvin Dennison, who sells seafood from his truck at roadside, pleaded guilty to one count of food stamp fraud, 7 U.S.C. § 2024(b)(1). He admitted that he defrauded the federal food stamp program by permitting customers who were food stamp users to obtain cash in exchange for their stamps and pocketing some of the cash himself. The Presentence Report calculated and the parties agreed that Dennison's total offense level is 13, his Criminal History is category 1, and the advisory guideline range is 12 to 18 months. I departed under Guideline § 5K2.0(a)(2) and imposed a sentence of 30 days incarceration, supervised release of three years, with restitution in the amount of $32,500 as a condition of supervised release, along with certain work limitations. I also directed Dennison to self-report for service of sentence, but not until a date in September because I want him to pay as much restitution as he can, and his greatest income stream occurs during the upcoming tourist season.

This is a unique case, with an exceptional statutory provision. It deserves this short memorandum of explanation for future such cases. What is a unique is that the food stamp fraud statute expressly permits the sentencing judge to suspend a prison sentence:

> In the case of any individual convicted of [food stamp fraud], the court may permit such individual to perform work approved by the court for the purpose of providing restitution for losses incurred by the United States and the State agency as a result of the offense for which such individual was convicted. If the court permits such individual to perform such work and such individual agrees thereto, the court shall withhold the imposition of the sentence on the condition that such individual perform the assigned work. Upon the successful completion of the assigned work the court may suspend such sentence.

7 U.S.C. § 2024(b)(2). Although federal judges used to have authority to suspend sentences, the Sentencing Reform Act of 1984 repealed the general authority they had in that regard, Pub. L. No. 98-473, § 212(a)(1), (2), 98 Stat. 1987 (1984) (repealing 18 U.S.C. § 3651); United States v. Gajdik, 292 F.3d 555, 558 (7th Cir. 2002). But it did not repeal section 2024(b)(2)'s explicit authority to suspend sentences in food stamp fraud cases.[1] I conclude that this statutory provision makes this "the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence." 5K2.0(a)(2)B).

---

[1] I have found only one case, a 7th Circuit case, that discusses this provision following passage of the Sentencing Reform Act, United States v. Charania, 35 F.3d 568 (Table Cite), No. 93-3308, 1994 WL 441836 (7th Cir. Aug. 15th, 1994) (discussing the provision and not questioning its continuing validity). The Government could not find any reported decisions in which the section was actually used to sentence a defendant. Gov't's Sentencing Mem. at 6 n. 2 (Docket Item 16).

2

Specifically, the Commission proceeded on the assumption that federal judges no longer had authority to suspend sentences. U.S.S.G. Ch. 7, Pt. A, 2(a) (Introduction). Section 2024(b)(2), on the other hand, not only grants that authority explicitly, but also reflects a congressional preference for restitution, one of the factors enumerated in 18 U.S.C. § 3553(a).

I believe that my downward departure, permitting Dennison to work during 3 years supervised release (after 30 days imprisonment, as well as during his high income season before self-reporting) under an order to pay substantial restitution, is appropriate in the unique circumstances presented by this statute. In making my decision, I looked to the general principles of sentencing articulated in 18 U.S.C. § 3553. Although I gave special weight to Congress's evident desire for restitution through working, 7 U.S.C. § 2024(b)(2), I decided that, considering the seriousness of Dennison's offense and the need to deter comparable criminal conduct, some jail time is warranted and therefore a totally suspended sentence under § 2024(b)(2) is inappropriate. I also concluded that supervised release is a close approximation to a suspended sentence in this case.

**SO ORDERED**.

4

**DATED THIS 2ND DAY OF JULY, 2007**

                                            **/S/ D. BROCK HORNBY**
                                            **D. BROCK HORNBY**
                                            **UNITED STATES DISTRICT JUDGE**

4

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CRIMINAL DOCKET FOR CASE #: 2:07CR10**

| | | |
|---|---|---|
| **United States of America** | represented by | Halsey B. Frank<br>Assistant United States Attorney<br>100 Middle Street Plaza<br>Portland, ME 04101<br>(207) 780-3257<br>email: halsey.frank@usdoj.gov |

**v.**

| | | |
|---|---|---|
| **Alvin D. Dennison**<br><br>Defendant | represented by | Christopher K. Maclean<br>Elliott & Maclean, LLP<br>P.O. Box 1<br>20 Mechanic Street<br>Camden, ME  04843<br>(207) 236-8836<br>email: chris@camdenlaw.com |